THE MACON AND ATLANTIC RAILWAY COMPANY *et al. v.*
THE MACON AND DUBLIN RAILROAD COMPANY.

The terminal points of a railroad company chartered under the general
law (code, §1689 *et seq.*) being Macon in Bibb county and Dublin in
Laurens county, and the terminal points of another railroad com-
pany subsequently chartered under the same law being Sofkee in
Bibb county and Savannah, and the former not having constructed
its road-bed by about thirteen miles, it was error to enjoin the lat-
ter from constructing its railroad within ten miles of the road-bed
of the former; the legislative intention in section 1689(t) of the
code being to apply the same to a new railroad chartered under
this law, where there was another railroad which had already been
constructed at the time of the passage of the act; and the words
" now constructed" and " already constructed" in that section
meaning one and the same thing.
October 27, 1890.

Injunction.   Statutes.   Railroads.   Before Judge
ROBERTS.   Twiggs county.   At chambers, August 7,
1890.

Reported in the decision.

GUSTIN, GUERRY & HALL and CLIFFORD ANDERSON, for
plaintiffs in·error.

W. M. WIMBERLY, BACON & RUTHERFORD, J. M. STUBBS,
J. D. JONES and L. D. SHANNON, *contra.*

BLANDFORD, Justice.

At the instance of the defendant in error, the plain-
tiff in error was enjoined by the judge of the superior
court from making or constructing its railroad within
ten miles of the road-bed of the Macon & Dublin Rail-
road Company.   It appears from the record in this case
that the Macon & Dublin Railroad Company received
its charter on the 8th day of August, 1885, under
the general railroad law of this State, as embraced in
§1689 *et seq.* of the code; that the Macon & Atlantic
Railway Company obtained its charter likewise in April,
1890; that at the time of the filing of the petition

praying for injunction, the Macon & Dublin Railroad Company had not constructed its road-bed from Macon to Dublin by some thirteen miles. So the whole question in this case turns upon the construction of section 1689(t) of the code, which is as follows: "Where a railroad or branch railroad is intended to be built under this section, between two points where a railroad is now constructed, the general direction and location of such new railroad shall be at least ten miles from the railroad already constructed, but this section shall not be construed to refer to any point within ten miles of either terminus, or to prevent said roads from running as near to each other for said first ten miles from either terminus as the interest of such company building the new route may dictate." It will be perceived that this section provides that where a railroad or branch railroad is intended to be built between two points where a railroad is now constructed, the general direction and location of the new road shall be at least ten miles from the railroad already constructed, but that this section is not to be construed to refer to any point within ten miles of either terminus, or to prevent the roads from running as near to each other for the first ten miles from either terminus as the interest of the company building the new road may dictate. The terminal points of the Macon & Dublin Railroad Company are Macon in Bibb county, and Dublin in Laurens county. The terminal points of the Macon & Atlantic Railway Company are Sofkee in Bibb county, and Savannah and a point on the Savannah river in Effingham county. It is contended that the words "now constructed" in this section of the act should be construed to mean "now being constructed" or "in process of construction"; and this point was very ably argued by counsel for the defendant in error. We, however, are of the opinion that the words "now constructed" and "already con-

structed," which appear in this section of the act, mean one and the same thing; so we are to give these words their plain and unambiguous meaning. There can be no doubt that the legislature intended to apply this section to a new railroad chartered under this law where there was another railroad which was then constructed and which had already been constructed at the time of the passage of this act. It seems to us that the words cannot bear a plainer meaning, whatever injustice may be done to a railroad company whose road-bed is in progress of construction, by this interpretation of the statute. The words are to receive their plain and obvious import; and we think the maxim *a verbis legis non est recedendum*, applies in this case. The judgment of the court below, therefore, in granting the injunction restraining the plaintiff in error from building its road-bed within ten miles of the road-bed of the defendant in error, is reversed. But we do not by this opinion intimate or decide that the Macon & Atlantic Railway Company can take, use or occupy any right of way or other property acquired by or belonging to the Macon & Dublin Railroad Company, unless condemned or purchased by the first named company, proper compensation being paid therefor.　　　*Judgment reversed.*